UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BARBARA J. VICKERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-00045 |
| | ) | Judge Sharp |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

Pending before the Court is Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 19). The motion has been fully briefed by the parties.

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance under Title II, as provided by the Social Security Act ("the Act"). Upon review of the administrative record as a whole and consideration of the parties' filings, the Court finds that the Commissioner's determination that Plaintiff is not disabled under the Act is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g). Plaintiff's motion will be denied.

**I. INTRODUCTION**

Plaintiff, Barbara J. Vickers, filed an application for Social Security Benefits on October 21, 2011 alleging an onset date of November 14, 2008. (Tr. 74-88). She was denied initially on April 3, 2012. (Tr. 39-44). A timely Request for Reconsideration was filed. (Tr. 47-49). She was denied again on reconsideration on June 8, 2012. (Tr. 50-55). A timely Request for Hearing

1

was filed. (Tr. 56-57). A hearing was held before an Administrative Law Judge on January 13, 2014. (Tr. 24-34). On April 3, 2014, the ALJ issued a decision denying her clam. (Tr. 7-23). A Request for Review of Hearing Decision was filed on May 19, 2014. (Tr. 6). On July 10, 2015, the Appeals Council issued an order denying the claim. (Tr. 1-3). *See* (Docket Entry No. 19 at p. 1). This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on April 3, 2014. (AR p. 7). Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

2. The claimant has not engaged in substantial gainful activity, since November 14, 2008, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following medically determinable impairment: degenerative disc disease (20 CFR 404.152 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.152 *et seq.* and 416.921 *et seq.*).

5. The claimant has not been under a disability, as defined in the Social Security Act, from November 14, 2008, through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

(AR pp. 12-18).

## III. REVIEW OF THE RECORD

The following summary of the evidence of record is taken from Plaintiff's brief, Docket Entry No. 20 at pp. 2, 11-12:

Barbara Vickers was 36 years old at the time of the hearing. She obtained a GED and has no advanced vocational training. She worked as a sewing machine operator in a factory and in an assembly position in a factory. She has the following severe impairments: lumbar and thoracic degenerative disc disease.

Ms. Vickers has insured status for Social Security through September 30, 2010. (Tr. 97).

***

**Hearing Testimony**

A hearing was held before Judge K. Dickson Grissom with Edward Smith as the vocational expert on January 18, 2014. Ms. Vickers testified that she has three children ages 16, 15 and 11. Her husband works in Sparta, TN. She was born on November 25, 1979 and went through the 10th grade in school. (Tr. 28-29). She worked in a sewing machine factory as an assembler and a machine operator. She was laid off and drew unemployment from November 2008 to October 2010. She was looking for work during that time at factories, department stores, convenient stores and various retail stores. She did not have anyone that called her back while looking for work Dr. Morgan is her treating doctor and the only doctor she sees on a regular basis. (Tr. 29 - 30).

In an average day, Ms. Vickers lounges around the house. She does small amounts of dishes in 10 minute spurts, very little laundry, and vacuuming once every two weeks with a lightweight vacuum cleaner. (Tr. 30).

Edward Smith, vocational expert, testified that Ms. Vickers worked as a sewing machine operator, DOT#787.685010, light exertion, unskilled. She was a machine operator, DOT#920.685078, medium exertion, unskilled; assembler, DOT# 780.684062, light exertion, unskilled. (Tr. 34).

### IV. DISCUSSION AND CONCLUSIONS OF LAW

**A. Standard of Review**

The determination of disability under the Act is an administrative decision. The only questions before this Court are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made any legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in

context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence has been defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court must examine the entire record to determine if the Commissioner's findings are supported by substantial evidence. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing her entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are of sufficient severity as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed

impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). In order to rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can

perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the five-step sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ erred (1) in finding that she has no impairment or combination of impairments that cause work-related restrictions and (2) in rejecting the opinion of her treating physician while accepting the opinions of the Administration's consulting and reviewing physicians. Plaintiff contends that the Commissioner's decision should be reversed and/or remanded for review. (Docket Entry No. 20 at p. 14).

Sentence four of 42 U.S.C. § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Additionally, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). Plaintiff's assertion of error is addressed below.

*1. The ALJ erred in finding that Plaintiff has no impairment or combination of impairments that cause work-related restrictions.*

Plaintiff argues that the ALJ erred in his assessment finding that Plaintiff had no work-related restrictions. (Docket Entry No. 20 at 12). Plaintiff's entire argument is as follows:

> As early as 1999, Dr. Allegra Patton noted that MRI showed a desiccated disc at T12-L1. The only other MRI of record dated September 27, 2010, showed Ms. Vickers to have facet arthropathy at L4-5 which contributed to mild bilateral inferior foraminal encroachment. Mild degenerative facet changes were noted at L5-S1. (Tr. 251). All four physicians who treated Ms. Vickers for her back pain (Dr. Patton, Dr. Yesil, Dr. Hekimoglu and Dr. Morgan), reviewed the MRI and x-ray results and prescribed pain medication and physical therapy to help Ms. Vickers with her condition. None of these treating doctors opined that Ms. Vickers exaggerated her symptoms. None of these doctors found that Ms. Vickers symptoms were not real. All treated their patient with modalites in addition to pain medication.
>
> Dr. Patten found Ms. Vickers to have a diminished left patellar reflex and diminished right ankle jerk in her lower extremities, a patch of hypoesthesia to the left of the thoracic spine at the T8 to trio level, intermittent muscle spasm in the left thoracic spine, variable reflexes, a slight limp to her gait and pain to palpation in the lower thoracic region and lumbar regions. Dr. Patten ordered physical therapy and Elavil. (Tr. 161 -162).
>
> Dr. Yesil placed Ms. Vickers on Lortab after reviewing nerve conduction studies, labs, x-rays and EMG. (Tr. 239). Dr. Hekimoglu prescribed Cephadyn for Ms. Vickers' pain after reviewing her problems. (Tr. 371-372).

8

> Dr. Morgan prescribed Lortab and restricted Ms. Vickers because of her problems.

(*Id*. at 12-13).  In analyzing her credibility, the ALJ ultimately found the medical records also show that Plaintiff's allegations were inconsistent with the medical evidence (Tr. 14-15).  *See, Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1529).  Moreover, during the consultative examination, Plaintiff provided unreliable effort and was not cooperative (Tr. 258-59).  According to the record, contrary to her complaints of disabling pain, Plaintiff routinely appeared in no acute distress (Tr. 168, 205, 208, 211, 214, 240, 304-05, 307, 356, 358, 361, 363, 365, 410, 413, 430-31).  The evaluation of Plaintiff's alleged symptoms rests with the ALJ, and "[a]s long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Admin.*, 693 F.3d 709, 713–14 (6th Cir. 2012).  The ALJ may consider daily activities as one factor in the evaluation of subjective complaints. *See Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("Further, the ALJ did not give undue consideration to Temples' ability to perform day-to-day activities. Rather, the ALJ properly considered this ability as one factor in determining whether Temples' testimony was credible."); 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p.  As to her daily activities, there record reflects that Plaintiff retained the ability to prepare meals, clean, sweep, vacuum, drive, shop, do laundry, and watch television (Tr. 130-32, 156-58, 271).  The ALJ further weighed the medical opinions in the record.  (Tr. 15-17).

Ultimately, the ALJ found Plaintiff's allegations inconsistent with the record as a whole, including the medical opinions, her medical treatment, and the medical evidence (Tr. 13-18).  The Court finds no error in the ALJ's evaluation of the record.  Consequently, the ALJ's decision

is conclusive and must be affirmed. *Warner v. Comm. Of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

*2. The ALJ erred in rejecting the opinion of Plaintiff's treating physician while accepting the opinions of the Administration's consulting and reviewing physicians.*

Plaintiff contends that her treating physician, Charles Morgan, M.D.'s, opinion is adequately supported by medical findings, and the ALJ erred in rejecting it. (Docket Entry No. 20 at 13). Plaintiff claims that she has had a long term relationship with Dr. Morgan, and his assessment is consistent with the "medical evidence and [Plaintiff's] hearing testimony." (*Id*.). Specifically, as to Dr. Morgan, the ALJ found the following:

> The claimant presented to Charles D. Morgan, M.D., in February 2012 to establish a primary care physician. She requested referral for possible chronic obstructive pulmonary disease and urological referral for blood in her urine. She was prescribed Lortab for her back pain complaints. When seem in May, August, and October 2012, again for complaints of back pain, Dr. Morgan notes her to be "well-nourished, well-developed, and in no acute distress." X-rays of the claimant's spine performed in October 2012 resulted in a diagnostic impression of "normal lumbar spine." Likewise, x-rays of her thoracic spine showed "normal thoracic spine," and x-rays for her cervical spine showed "normal cervical spine." The claimant was seen by Dr. Morgan again on four occasions in 2013 for refill of pain medication; however, at each visit Dr. Morgan again noted her to be "well-nourished, well-developed, and in no acute distress." Her last visit of record, in December 2013, was "to have forms completed." Dr. Morgan submitted a medical assessment form dated December 4, 2013, wherein he opined that the claimant could occasionally lift and/or carry 20 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk less than two hours in an eight-hour workday; sitting was not affected; pushing and/or pulling was limited in upper and lower extremities; and the claimant would be required to periodically alternate sitting and standing to relieve pain or discomfort. The claimant could frequently perform balancing, but could never perform climbing, kneeling, crouching, or crawling. He further opined the claimant would experience pain severe enough to often interfere with attention and concentration, the claimant was capable of low stress jobs, and the claimant's impairments would likely produce "good days" and "bad days" (Exhibits 20F, 24F, 26F, 30F, and 31F).
>
> \*\*\*
>
> Dr. Morgan's opinion is entirely inconsistent with the record as a whole and is not supported by his own treatment records. A treating physician's opinion, on the

> issue of nature and severity of impairment, it is entitled to special significant; and, when supported by objective evidence of the record, entitled to controlling weight (Social Security Ruling 96-2p). On the other hand, statements that a claimant is "disabled," "unable to work," can or cannot perform a past job, meets a Listing or the like[,] are not medical opinions but are administrative findings dispositive of a case, which require familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate their statutory responsibility to determine the ultimate issue of disability. Opinions on issues reserved to the Commissioner can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a while or contradicted by persuasive evidence (20 CFR 404.1527(d)(2), 416.927(d)(2), and Social Security Ruling 96-5p). Ultimately, Dr. Morgan's opinion is without substantial support from the other evidence of record, as well as his own records, which obviously renders less than persuasive. As such, the undersigned thus gives it little weight only to the extent it shows the claimant to have medically determinable impairment of degenerative disc disease (Exhibit 30F).

(AR at pp. 15-16 ).

It is the function of the ALJ to resolve the conflicts between the medical opinions. *Justice v. Comm'r of Soc. Sec.*, 515 F. App'x 583, 588 (6th Cir. 2013) ("In a battle of the experts, the agency decides who wins. The fact that Justice now disagrees with the ALJ's decision does not mean that the decision is unsupported by substantial evidence."). Under SSR 96-7p, the ALJ is permitted to "consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements." *See* SSR 96-7p; *Blankenship v. Comm'r of Soc. Sec.*, No. 14-2464, 2015 WL 5040223, at *10 (6th Cir. Aug. 26, 2015) (treating doctor's assertion that claimant was unable to walk from the parking lot to work was "seemingly contradicted by the fact that Blankenship was able to walk unassisted from her car to the room where the hearing was being held."). The ALJ may rely on opinions from consulting doctors. *See Brown v. Comm'r of Soc. Sec.*, No. 14-1626, 2015 WL 163059, at *1 (6th Cir. Jan. 13, 2015) ("The ALJ gave 'some weight' to the opinions of three consulting physicians…"). While all medical opinions are evaluated as discussed in 20 C.F.R. § 404.1527, opinions by

consulting or non-treating doctors need not be evaluated in accordance with the treating physician rules outlined by the Sixth Circuit. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x at 730 (citing 20 C.F.R. § 404.1527 and *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

Ultimately, the ALJ found Dr. Morgan's opinion inconsistent with the record. *See, Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("...treatment notes did not demonstrate a basis for concluding that Temples had marked to extreme limitations in numerous areas of work-related mental functioning…" and were "…contradicted by other evidence in the record…"). The Court finds that the ALJ properly analyzed Dr. Morgan's opinion as well as the competing opinions. Accordingly, the Court finds that substantial evidence supports the ALJ's determination as to Plaintiff's residual functional capacity.

## V. CONCLUSION

In sum, the Court concludes that the findings of the ALJ are supported by substantial evidence on the record as a whole, and are free from legal error. With such support, the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *E.g., Longworth c. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

For all of the reasons stated, the Court will deny Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 19).

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE